IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02535-GPG

JASON LARAY JOHNSON,

      Plaintiff,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections,
MARY CARLSON, Manager of D.O.C. Time/Release Operations,
BRANDON C. SHAFFER, Chair of Colorado State Board of Parole,
WALT PESTERFIELD, Director CDOC Division of Adult Parole,
CATHY WILSON, Community Parole Officer,
JAMES COOPER, Parole Supervisor/ Designee

      Defendants.

_____

ORDER OF DISMISSAL
_____

      Plaintiff, Jason Laray Johnson, is currently incarcerated at the Crowley County

Correctional Facility in Olney Springs, Colorado.  He initiated this action by filing, *pro se*,

a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28

U.S.C. § 1343 and 42 U.S.C. § 1983. (ECF No. 1).  Mr. Johnson has been granted

leave to proceed *in forma pauperis*. (ECF No. 4).

      On November 30, 2015, after reviewing the submitted Prisoner Complaint,

Magistrate Judge Gordon P. Gallagher ordered Plaintiff to show cause in writing why

the action should not be dismissed pursuant to the doctrine of *Heck v. Humphrey*, 512

U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). (ECF No. 5).  Plaintiff responded

to the show cause order on December 10, 2015. (ECF No. 6).

The Court must construe Mr. Johnson's documents liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Mr. Johnson's Prisoner Complaint will be dismissed.

## I.     Background

Mr. Johnson alleges that he is being detained by the Defendants well beyond the completion of all of his sentences. He seeks monetary damages for each day he endures the invalid confinement.

Plaintiff's constitutional claims allege that Defendants have miscalculated his sentences and are illegally detaining him. According to Plaintiff, on August 20, 2002, he was convicted of one count of Second Degree Assault and was sentenced to five years of prison with a three-year mandatory term of parole. On June 6, 2006, he reached his Mandatory Release Date ("MRD") and began to serve his parole term.

On October 16, 2006, Plaintiff was arrested for a parole violation and re-incarcerated. The Colorado Board of Parole revoked Plaintiff's parole for a term of 120 days. He was released and re-instated to parole on February 6, 2007. On May 16, 2007, Plaintiff was arrested on new charges and he was re-incarcerated for a parole violation.

On December 14, 2007, Plaintiff was sentenced to six years for a charge of Vehicular Eluding and two years for a POWPO charge. These sentences were to run consecutive for a total of eight years. However, the eight-year sentence was to run concurrent to the earlier five year sentence.

According to Plaintiff, when the CDOC and Defendant Mary Carlson issued a new Time Computation Report, they used the December 14, 2007 sentencing date, rather than the August 20, 2002 date from the previous sentencing.  Plaintiff argues that this computation fails to comply with Colorado's "one continuous sentence rule," C.R.S. 17-22.5-101, 17-22.5-403(1).  Plaintiff alleges that he was to serve an eight-year term of incarceration, which started on August 20, 2002.

As a result of his invalid confinement, he alleges he has suffered many hardships.  Plaintiff blames his invalid confinement for ruining his relationships with his son and fiancée.  Additionally, he was not able to be with his grandmother before she died and was not able to attend her funeral.  He also blames the Defendants and his invalid confinement for causing him to suffer "a fit of emotional frustration and exhaustion," which resulted in him absconding from his community correction facility on March 2, 2013.  As a result of the escape, he faced new felony charges, lost his job, and was forced to drop out of college.  He blames Defendant Walt Pesterfield for placing a nationwide fugitive warrant out for him after his escape because he really "needed the educational and employment opportunity."

On September 28, 2015, Mr. Johnson filed a petition for a writ of habeas corpus in Fremont County District Court.  The Fremont County District Court denied the habeas petition.  Plaintiff appealed to the Colorado Supreme Court on October 30, 2015.  The appeal on his habeas petition is still pending with the Colorado Supreme Court.

## II.    Analysis

The United States Supreme Court has held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of a

prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In his response to the Court's order to show cause, Plaintiff argues that his claims are not barred by *Heck* because he is "not raising the legal issue of invalid conviction or sentences." (ECF No. 6 at 2).  Instead, he states that "[t]his is a clear matter of '<u>OVER DETENTION</u>.'" (*Id.* (emphasis in original)).

Although Plaintiff is not challenging the validity of his criminal conviction or sentence, the rule in *Heck* also applies to claims that challenge the validity of confinement.  In short, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (discussing *Heck*).

Mr. Johnson's challenge to his "over detention," if successful, necessarily would imply the invalidity of his confinement.  Therefore, the challenge is barred by the rule in *Heck*.  The Prisoner Complaint and the action will be dismissed without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir.1996) (dismissal pursuant to the *Heck* doctrine is without prejudice).

Additionally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Johnson files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice as barred by the *Heck* doctrine.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this _23rd_ day of December, 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court